IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL BRULE,

   Plaintiff,

vs.

BLUE CROSS and BLUE SHIELD
OF NEW MEXICO, a Division of
HEALTH CARE SERVICE CORPORATION,
a MUTUAL LEGAL RESERVE COMPANY,

   Defendants.

## NOTICE OF REMOVAL

Defendant Health Care Service Corporation d/b/a Blue Cross and Blue Shield of New Mexico ("HCSC") hereby gives notice of the removal of the above-captioned matter from the Second Judicial District Court in the County of Bernalillo, State of New Mexico, to the United States District Court for the District of New Mexico, pursuant to 28 U.S.C. §§1332, 1441 and 1446. In support thereof, HCSC states the following:

**I. CASE BACKGROUND AND FOUNDATION FOR REMOVAL**

1. On or about July 28, 2010, Plaintiff commenced an action in the Second Judicial District Court, State of New Mexico, against HCSC bearing cause number D-202-CV-2010-09019 ("State Court Action"). Plaintiff's Complaint for Damages ("Complaint") seeks judgment against HCSC for damages that Plaintiff allegedly suffered as a result of tortuous interference with existing or prospective contractual relations and negligence. *See* Compl., attached as Ex. A.

2. Plaintiff served the Superintendent of Insurance with the Complaint on August 10, 2010. HCSC received notice of the filing of the Complaint from the Superintendent on August 12, 2010.

3. This Notice of Removal is timely filed within thirty days after service of the Complaint. *See* NMSA 1978 § 59A-5-32(B), (C); 28 U.S.C. §1446(b).

4. HCSC is the only defendant who or which has been served with process. Accordingly, there are no consents to removal to be obtained.

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000 and because the properly-named parties to this action are citizens of different states. These points are demonstrated more comprehensively in the following sections of this notice.

6. Venue is proper in this Court because the State Court Action is pending in New Mexico. *See* 28 U.S.C. § 1441(a).

## II. THE PARTIES IN THIS ACTION ARE CITIZENS OF DIFFERENT STATES

7. Plaintiff is a citizen of New Mexico, residing in Bernalillo County. *See* Compl. ¶¶ 2 and 4.

8. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

9. The Supreme Court of the United States recently ruled that a corporation's "principal place of business" is the corporation's "nerve center" or "headquarters," meaning "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *The Hertz Corp. v. Friend*, 559 U.S. ___, No. 08-1107, 14 (2010). This recent ruling supersedes the "total activity" test previously used in the Tenth Circuit. *See Amoco Rocmount Co. v. Anschutz Corp.*, 7 F.3d 909, 915 (10th Cir. 1993).

10. HCSC is incorporated in Illinois. *See* Affidavit of Gerald Collins, attached as Ex. B, at ¶ 2.

11. HCSC's principal place of business is in Illinois. *Id.* at ¶ 3. HCSC's nerve center or headquarters are in Illinois because Illinois is the place where the corporation's officers direct, control, and coordinate the corporation's activities. *Id.* at ¶ 4.

12. Pursuant to *Hertz*, because Illinois is the place where HCSC's officers direct, control, and coordinate the corporation's activities, HCSC's principal place of business is in Illinois.

13. Because HCSC is incorporated and has its principal place of business in Illinois, there is complete diversity between HCSC and Plaintiff.

## III. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

14. The Complaint is silent as to the specific amount of damages that Plaintiff seeks. The amount-in-controversy for removal jurisdiction, however, may be determined by reasonable analysis of the seriousness of the harm plaintiff claims to have suffered. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). In the Complaint, Plaintiff seeks compensatory damages, costs and expenses, pre- and post-judgment interest and punitive damages. *See* Compl. at 5.

15. On December 19, 2009, counsel for Plaintiff sent correspondence making a pre-litigation six-figure settlement demand in excess of $75,000.00. *See* December 19, 2009 correspondence from Timothy L. White to Gerald L. Collins, attached as Ex. B. "[D]ocuments that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amount of liability." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008).

16. HCSC denies the allegations of malfeasance and breach of contract in the Complaint. However, taking those allegations on their face as true, as this Court must do for the purpose of determining the propriety of removal, the amount in controversy exceeds $75,000.00.

17. Given the complete diversity of the real parties in interest and an amount-in-controversy in excess of $75,000.00, this Court has jurisdiction over the causes of action and claims asserted in the State Court Action pursuant to 28 U.S.C. § 1332, and this action properly is removable pursuant to 28 U.S.C. § 1441.

WHEREFORE, HCSC respectfully gives notice that the State Court Action now pending in the Second Judicial District Court, State of New Mexico, bearing cause number D-202-CV-2010-09019 is hereby removed to this Court and asks that this Court make and enter such further orders as may be necessary and proper.

Respectfully submitted,

**MONTGOMERY & ANDREWS, P.A.**

By_____
Jeff L. Martin
Brett J. Olson
Post Office Box 36210
Albuquerque, New Mexico 87176-6210
Tele: (505) 884-4200 / Fax: (505) 888-8929

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via U.S. mail to the following counsel of record on this the __9th__ day of September, 2010.

Timothy L. White, Esq.
Valdez and White Law Firm, LLC
Post Office Box 25646
Albuquerque, New Mexico 87125
*Attorneys for Plaintiff*

_____
Jeff L. Martin